IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEREMY RAY AUSTIN,

        Plaintiff,

v.                                                                                       Case No. 24-2272-JWB

JILL GILLETT, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion to dismiss this action without prejudice. (Doc. 29.) Plaintiff filed this civil rights action in June 2024 against several state actors and two of his neighbors. (Docs. 1, 11.) Several Defendants filed motions to dismiss but did not file an answer. (Docs. 13, 14, 27.) The two neighbor Defendants, Cinda Beal and Steven Brown, filed answers and subsequently filed motions to dismiss. (Docs. 16, 17, 25.) Plaintiff was granted additional time to respond to the motions to dismiss after seeking an extension. (Doc. 26.) On the date his response was due, Plaintiff filed a motion to dismiss without prejudice. (Doc. 29.) Plaintiff's motion states that he needs to resolve "ongoing legal cases" before he proceeds with this action. (*Id.*)

Pursuant to rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, a plaintiff may "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Defendants Mike Cordell, Jill Gillett, Joseph Mueller, and Heath Samuels have not filed answers and have indicated that Plaintiff has an absolute right to dismiss his action against them without prejudice. (Doc. 30.) The court therefore construes Plaintiff's motion as a notice of voluntary dismissal as to his claims against all

1

Defendants who have not filed an answer.  *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003).

Defendants Beal and Brown, however, have filed answers.  Rule 41(a)(2) provides that once an answer has been filed, a plaintiff may voluntarily dismiss an action only upon order of the court.  The court should ordinarily grant such a motion absent "legal prejudice" to Defendants.  *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).  In determining whether there has been legal prejudice, the court considers the following: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation."  *Id.*

In this case, very little has been done.  These two Defendants have been served, answered, and filed motions to dismiss.  Therefore, while they have likely incurred expenses in obtaining counsel to draft these pleadings, there is no indication that the expenses have been significant.  Further, there is no indication of excessive delay or lack of diligence on Plaintiff's part as his motion was filed very early in the proceedings.  Plaintiff has also provided the court with an explanation as to the reason for the dismissal.  Moreover, Beal and Brown have not filed a response in opposition to Plaintiff's motion to dismiss and the time for doing so has passed.  Given all of the above, the court finds that the motion should be granted.

Plaintiff's motion to dismiss without prejudice (Doc. 29) is GRANTED.  The pending motions to dismiss (Docs. 13, 14, 25, 27) are DENIED AS MOOT.  This matter is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.  Dated this 4th day of November, 2024.

                                                __s/ John W. Broomes_____
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE